UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

-against-

HUDSON VALLEY JUSTICE CENTER;
JASON MAYS; DEPUTY DIRECTOR

                Defendants.

22-CV-7574 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      In response to Plaintiff's continued filing of vexatious and non-meritorious actions, the court barred her from filing any new action *in forma pauperis* (IFP) without first obtaining from the court leave to file. *See Lewis v. Wolfe*, No. 1:21-CV-6949, 7 (S.D.N.Y. Nov. 16, 2021).[1] Plaintiff files this new *pro se* case, purportedly seeking to invoke the court's federal question jurisdiction, 28 U.S.C. § 1331. She alleges that "the defendant refused to represent me in a Land lord [sic] tenant matter. I am Indigenous [sic] and disabled[.]" (ECF No. 3 at 5.)

      Plaintiff seeks leave to proceed IFP in this matter. (ECF No. 1.) She also requests leave from the court to file this action, on the ground that her claims of "discrimination based on my disability," (ECF No. 3 at 2), were "never before raised and disposed of on the merits by any federal court," (ECF No. 2 at 1). The Court denies Plaintiff leave to proceed without prepayment of the filing fees in this matter because this action does not represent a departure from Plaintiff's pattern of frivolous and non-meritorious litigation.

---

[1] Plaintiff is also subject to other prefiling injunctions. *See Lewis v. Cnty. of Orange*, N.Y., No. 16-4082 (2d Cir. May 18, 2018) (No. 77) (holding that Lewis must seek leave in order to appeal because of her history of frivolous, vexatious, and "clearly meritless appeals."); *Lewis v. Epstein*, ECF 1:14-CV-9404, 8 (S.D.N.Y. July 29, 2015) (finding that Lewis is barred under 28 U.S.C. § 1915(g) from filing any new civil action IFP while she is a prisoner).

The Court therefore dismisses this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 7, 2022
        New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge